# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.<br><br>v.<br><br>SEATTLE SPINCO, INC., ET AL. | Case No. 4:18-CV-00469-ALM |
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.<br><br>v.<br><br>WELLS FARGO & CO. | Case No. 4:18-CV-00501-ALM |
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.<br><br>v.<br><br>BANK OF AMERICA CORP. | Case No. 4:18-CV-00519-ALM |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s Motion to Compel Defendants to Serve a Compliant Election of Asserted Prior Art (Dkt. #90). Having reviewed the motion and the relevant pleadings, the Court finds that the motion should be granted.

### **BACKGROUND**

Plaintiffs filed this suit on July 2, 2018, alleging patent infringement of United States Patent Numbers 9,971,678, 9,298,864, and 8,924,192 (Dkt. #1).[1] After hearing the parties' arguments on

---

[1] Plaintiffs also filed three other related cases in this Court. *See Wapp Tech Ltd. P'ship v. Hewlett-Packard Enter. Co.* 4:18-CV-468-ALM; *Wapp Tech Ltd. P'ship v. Wells Fargo & Co.*, 4:18-CV-501-ALM; and *Wapp Tech Ltd. P'ship v. Bank of Am. Corp.*, 4:18-CV-519-ALM.

this discovery dispute during a May 19, 2020 telephone conference, the Court granted Plaintiffs leave to file a motion to compel. On May 26, 2020, Plaintiffs filed their Motion to Compel Defendants to Serve a Compliant Election of Asserted Prior Art (Dkt. #90). Plaintiffs filed identical motions to compel across all three related cases in this Court (Dkt. #90 at p. 4 n.1). Defendants responded on June 9, 2020 (Dkt. #91). Plaintiffs filed a reply on June 12, 2020 (Dkt. #94).

## ANALYSIS

This dispute largely turns on the application of a footnote in the Court's Order Focusing Patent Claims and Prior Art to Reduce Costs (Dkt. #58). Specifically, footnote two of the Court's Focusing Order states that: "For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist" (Dkt. #58 at p. 2 n.2). According to Plaintiffs, Defendants' Preliminary Election of Asserted Prior Art purports to assert twelve references of prior art in compliance with the Court's Focusing Order (Dkt. #90 at p. 5). But in reality, Plaintiffs say, Defendants' prior art elections "far exceed" twelve references—and only an improper application of footnote two could make Defendants' elections compliant (Dkt. #90 at pp. 5–6). So Plaintiffs ask the Court to compel Defendants to amend their Preliminary Election of Asserted Prior Art in order to comply with the Court's Focusing Order.

Defendants have a different take. First, Defendants argue that the Motion to Compel is moot since Defendants are still in the process of streamlining their invalidity chart to "greatly reduce the number of documents cited" (Dkt. #91 at p. 3). Next, Defendants contend that for the elected claim charts that cite multiple documents, footnote two of the Court's Focusing Order establishes that they should count as only one reference (Dkt. #91 at p. 2). What Plaintiffs want,

according to Defendants, is for the Court to determine that Defendants are limited to "twelve total prior art documents, not twelve invalidity claim charts" (Dkt. #91 at p. 3). Which would be "flat wrong," Defendants say (Dkt. #91 at p. 3).[2]

Plaintiffs acknowledge that multiple documents can be considered a single reference (Dkt. #94 at p. 2). But Plaintiffs claim that to constitute a single reference, there must be a clear or described relationship between the documents that links them to a specific system or instrumentality (Dkt. #94 at p. 2). Plaintiffs argue that Defendants do not even attempt to "identify a specific version of any specific system that serves as the basis for a grouping or to show that the references share 'features common to all constituent works in the collected reference'" (Dkt. #94 at p. 2). Because Defendants have failed to make this showing, Plaintiffs assert that the Court compel Defendants to provide a revised, compliant election of prior art within seven days.

The Court agrees with Plaintiffs. Neither party disputes the fact that multiple documents can be considered a single reference. *E.g.*, *Iridescent Networks, Inc. v. AT&T Mobility, LLC*, 6:16-CV-01003-RWS, 2017 WL 8751908, at *2 (E.D. Tex. June 15, 2017). But it is Defendants' duty to make the requisite showing. *See id.* at *3 ("Defendants have not made a sufficient showing that this is a single author or single prior art instrumentality."). All Defendants do here is make a conclusory argument that "each of the cited documents in the chart relates directly to the combination of Shunra Storm with LoadRunner and as such are permissible" (Dkt. #91 at p. 4). That is insufficient.

Quoting Chief Judge Gilstrap, Defendants argue: "Defendants may rely on features common to all the constituent works of a collected reference. Alternatively, Defendants may

---

[2] Defendants also note that Plaintiffs argue in their motion that Defendants' references be stricken (Dkt. #91 at pp. 4–5). The Court agrees with Defendants—this argument is outside the scope of the current motion, which is a motion to compel, not a motion to strike. The Court will not consider at this time whether any of Defendants' references should be stricken.

identify a single constituent work that describes the features that purportedly invalidate the asserted patents and rely on the remaining works in the collected reference as supporting material" (Dkt. #91 at p. 4). All true. Yet Defendants have to make this showing, and they do not. *See* (Dkt. #91 at pp. 3–6).[3]

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Compel Defendants to Serve a Compliant Election of Asserted Prior Art (Dkt. #90) is hereby **GRANTED**. Defendants shall provide Plaintiffs with a revised, compliant election of prior art within **seven (7) days**. This Amended Preliminary Election of Asserted Prior Art shall include the following corrections to the mVerify portion of Grouping 1 and to Groupings 2 and 9-12:

- The Groupings shall specifically identify a specific, dated version of the alleged prior art system; and

- If it is not explicitly apparent from the face of a proffered document listed in a Grouping, Defendants shall provide an explanation that specifically ties the document to the exact system alleged as prior art.

**IT IS SO ORDERED**.

SIGNED this 21st day of July, 2020.

*[signature]*
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[3] Defendants also point out that "Plaintiffs said nothing about the Preliminary Invalidity Contentions for months after they were served on December 20, 2019" (Dkt. #91 at p. 5). As Plaintiffs correctly note, "this has no bearing on the issue at hand. . . . Nothing in the history of this action excuses Defendants from their obligation to submit a [compliant] Preliminary Election . . ." (Dkt. #94 at p. 4).