# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No. 4:18-cv-00501-ALM <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO STAY

## I. INTRODUCTION

On October 21, 2020, Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively, "Wapp") purported to serve their "Second Updated Disclosure of Infringement Contentions Pursuant to P.R. 3-1" (the "October 21 Contentions"). Although improper on multiple grounds, Wapp's October 21 Contentions conclusively demonstrate what Wells Fargo Bank, N.A. ("Wells Fargo") has contended since the beginning of this case—that this action should be stayed under the customer suit doctrine while Wapp proceeds against Micro Focus, manufacturer of the only accused instrumentalities and the true defendant.

## II. BACKGROUND

### A. Wapp Sues Micro Focus and Its Customers, Wells Fargo and Bank of America.

On July 2, 2018, Wapp sued Micro Focus International plc. ("Micro Focus")[1] in this Court accusing Micro Focus of directly infringing U.S. Patent Nos. 9,971,678; 9,298,864; and 8,924,192 (the "Patents-in-Suit") (the "Manufacturer Suit") by selling certain Micro Focus software products and functionalities. *Wapp Tech Ltd. v. Micro Focus Int'l plc*, No. 4:18-cv-469-ALM (E.D. Tex., July 2, 2018), Dkt. No. 1 at ¶¶ 59, 76, 95. Wapp did not, and has not, asserted indirect infringement claims in the Manufacturer Suit. *Id.*; *Id.*, Dkt. No. 28 at ¶¶ 64, 85, 108; *Id.*, Dkt. No. 76 at ¶¶ 64, 85, 108.

On July 16, 2018, Wapp sued Wells Fargo in this Court for direct infringement of the Patents-in-Suit and identified only Micro Focus products as accused instrumentalities. Dkt. No. 1 at ¶¶ 26, 58, 76, 96.

---

[1] Defendant refers herein collectively to the multiple related defendants in the Manufacturer Suit as "Micro Focus."

On July 20, 2018, Wapp sued Bank of America Corp. in this Court (the "BOA Customer Suit") for direct infringement of the Patents-in-Suit and identified only Micro Focus products as accused instrumentalities. *Wapp Tech Ltd. v. Bank of America Corp.*, No. 4:18-cv-519-ALM (E.D. Tex., July 20, 2018), Dkt. No. 1 at ¶¶ 26, 58, 76, 96.

### B. Wapp Defeats Wells Fargo's 2018 Stay Motion by Alleging It Is A Manufacturer.

On October 17, 2018, Wells Fargo moved to stay this case under the Customer Suit Doctrine. Dkt. No. 11. On October 9, 2019, the Court denied the stay as premature based on Wapp's argument that discovery might show Wells Fargo to be a manufacturer and not merely a customer. Dkt. No. 15 at 6 ("Reviewing the parties' argument, the Court believes that Defendant's motion to stay pursuant to the customer-suit exception is premature as additional discovery should be conducted by the parties to determine whether Defendant is a customer or manufacturer of an accused system.").

### C. Wells Fargo Shows It Is Not A Manufacturer While Wapp Avoids The Issue.

On November 7, 2019, Wapp served its Disclosure of Initial Infringement Contentions Pursuant to P.R. 3-1 and 3-2, which incorrectly speculated that the term "custom test harness" indicated that Wells Fargo manufactured an accused system called "Custom Test Harness." (Coburn Decl. Ex. A at 2-3.) As discovery progressed, Wells Fargo stated in May 7, 2020 interrogatory responses and communications with opposing counsel that "custom test harness" is not a product but rather a term that describes standard test script functionality that comes with the Micro Focus Performance Center product. (Coburn Decl. Ex. B at 11.) On May 26, 2020, Wells Fargo also produced Performance Center test scripts that Wells Fargo uses the term "custom test harness" to describe. (Coburn Decl. at ¶ 4.)

Additionally, Wells Fargo has offered Michael Bruenger—a Wells Fargo Systems Operations Manager and Vice President who is a manager of Wells Fargo's performance testing team and drafted one of the job postings Wapp relied on—for deposition on September 25, 2020; October 9, 2020; October 29, 2020; and October 30, 2020. (Coburn Decl. at ¶ 5.) Wapp has declined each opportunity to depose Mr. Bruenger and hear under oath what it has known since at least May 7, 2020 –  that "custom test harness" describes standard Micro Focus Performance Center functionality, not a Wells Fargo-manufactured product. (*Id*.) As discussed in greater detail below, this Motion includes a declaration by Mr. Bruenger detailing what his testimony regarding the term "custom test harness" would have been had Wapp deposed him. (Coburn Decl. Ex. C, the Bruenger Declaration.)

### D. Wapp Serves Its October 21 Contentions Charting Only Micro Focus Products Against Wells Fargo.

On October 21, 2020,[2] Wapp purported to serve what it titled its "Second Updated Disclosure of Infringement Contentions Pursuant To P.R. 3-1." (Coburn Decl. Ex. D.) Deficient in various respects and served without leave of Court, the October 21 Contentions are notable from a stay perspective in that they chart only Micro Focus accused products against Wells Fargo. (Coburn Decl. at ¶ 7.) While that would seem finally to reflect Wapp's acknowledgement that Wells Fargo is not a manufacturer, the cover document for the October 21 Contentions includes a single line that baselessly clings to the nonexistent "custom test harness" product: "Defendant is also infringing each of the three patents through its making, using, and/or

---

[2] The Certificate of Service states October 22, 2020, but they were in fact served October 21, 2020.

development of additional products, for example its custom test harness."[3] (Coburn Decl. Ex. D at 3.)

As discovery and the Bruenger declaration show, there is no such thing. Wells Fargo is a mere customer of standard Micro Focus products that it uses "off the shelf" as designed by Micro Focus. (Bruenger Decl. at ¶¶ 7-8 , Coburn Decl. Ex. C.) The customer suit doctrine was intended to avoid exactly the unduly burdensome and abusive imposition that a mere customer suit constitutes when a manufacturer exists. It is time for Wapp finally to acknowledge that the true defendant is Micro Focus and that this case should be stayed.

## III. ARGUMENT

### A. Applicable Law: The Customer Suit Doctrine

The Federal Circuit has expanded the customer-suit exception to stay customer suits in favor of a co-pending manufacturer suit regardless of forum and which suit was filed first. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). In *Nintendo*, the Federal Circuit directed a district court to stay infringement suits against eleven customer defendants, finding that the "case against [the manufacturer] must proceed first, in any forum." 756 F.3d at 1366. The court reasoned that "the issues of infringement and validity [we]re common" to the manufacturer and the customer suits, and "that if [the plaintiff] were to collect royalties from [the manufacturer], this would preclude suit against the [customers]." *Id.*

The Federal Circuit explained that the stay relief afforded by the customer suit doctrine "is based on the manufacturer's presumed greater interest in defending its actions against charges

---

[3] The cover document also falsely states that "Wells Fargo has not produced a single 30(b)(1) or 30(b)(6) witness to testify" in reserving the right to amend the October 21 Contentions. (Coburn Decl. Ex. D at 3.) Wells Fargo employee Christopher Mangone testified as a 30(b)(1) deponent on June 9, 2020, and over the last few months Wapp has declined at least six (6) Wells Fargo 30(b)(6) deposition offerings. (Coburn Decl. at ¶ 5.)

5

of patent infringement . . . and to guard against possibility of abuse," and is intended "to facilitate just, convenient, efficient, and less expensive determination[s]." *See id.* at 1365; *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (quoting *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)). Accordingly, where the customer and manufacturer suits share the same "major issues," such as infringement and invalidity, the doctrine "exists to avoid . . . imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Nintendo,* 756 F.3d at 1365*; Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This is true even if there "may be additional issues involving the defendant[] in [the customer suit]." *Nintendo*, 756 F.3d at 1366 (quoting *Katz*, 909 F.2d at 1464) (internal quotation marks omitted); *Spread Spectrum*, 657 F.3d at 1358.

Since *Nintendo*, this District has recognized that "courts have developed a practice of . . . staying claims against customers pending resolution of the suit against the manufacturer." *Saint Lawrence Commc'ns LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, 2017 WL 3712912, at *2 (E.D. Tex. July 12, 2017). In *Saint Lawrence*, the court stayed a customer suit in favor of a manufacturer suit based on the same products and patents, where "the infringement contentions . . . served on" the manufacturer and customers "were identical." 2017 WL 3712912, at *1. The court held that the claims against the customer defendants were "peripheral" to those against the manufacturer, noting that the customer defendants "play[ed] no role in the development, design, or implementation of the relevant software code." *Id.* at *2. The court further relied on the fact that the customer defendants had "agree[d] to be bound by the invalidity and infringement rulings in [the manufacturer] case." *Id.* The court held that "infringement and invalidity—two of

6

the biggest issues in any patent case—[would therefore] be resolved by the first trial against" the manufacturer. *Id.*

### B. The Customer Suit Doctrine Warrants A Stay.

With Wapp's baseless allegation that Wells Fargo is a manufacturer controverted, this case is postured squarely within the confines of the customer suit doctrine. Against exactly the same Micro Focus products in each case, Wapp asserts exactly the same claims against Wells Fargo as it does against Micro Focus in the Manufacturer Suit. The claim charts are identical, and resolution of the Manufacturer Suit would serve the goals of "just, efficient, and less expensive determination" by resolving the major issues in the Manufacturer Suit and protecting a mere customer. *Nintendo,* 756 F.3d at 1365-66.

1. <u>Wells Fargo Is Not a Manufacturer of Accused Instrumentalities; Micro Focus Is The True Defendant</u>.

Discovery and the Bruenger Declaration establish two facts fatal to Wapp's assertion that Wells Fargo is a manufacturer.

One, "custom test harness" is not a product. (Bruenger Decl. at ¶ 4 , Coburn Decl. Ex. C.) It is merely a term Wells Fargo has used to describe standard functionality provided by Micro Focus Performance Center. (*Id.*) Accordingly, if it shows anything at all, the phrase "custom test harness," evidences Wells Fargo's status as a mere "off the shelf" customer of Micro Focus Performance Center. (*See id*. at ¶ 8 ("To the extent Wells Fargo has used such Micro Focus products, Wells Fargo uses them as intended and designed by Micro Focus. Such uses have only been 'off the shelf.'"))

Two, not only is "custom test harness" not a product, but Wells Fargo does not manufacture, design , or develop—and never has—any software product used to test mobile applications. (Bruenger Decl. at ¶ 6 , Coburn Decl. Ex. C.) Accordingly, with the only accused

7

products at issue being Micro Focus products, Micro Focus is the true defendant. *Nintendo*, 756 F.3d at 1365 (The "'customer-suit exception'…exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute."); *Saint Lawrence*, 2017 WL 3712912, at *2 (recognizing that the manufacturer is the true defendant when a plaintiff has sued the manufacturer and a customer under the same patents on the same accused products).

> 2. <u>The Manufacturer Suit Will Undoubtedly Be Dispositive of The Major Issues — And Almost Certainly All Issues</u>.

Given that Micro Focus is the true defendant, the remaining issue is whether the Manufacturer Suit will resolve the major issues asserted against Wells Fargo sufficient to trigger the stay afforded by the customer suit doctrine. It will. And although such agreement is not required under the Customer Suit Doctrine, Wells Fargo hereby agrees to be bound by any final judgment in the Manufacturer Suit as to both infringement and invalidity.

Regarding invalidity, the Patents-in-Suit are identical between the Manufacturer Suit and this action, and both Micro Focus and Wells Fargo have challenged their validity. Dkt. No. 8 at ¶ 112; *Wapp Tech Ltd. v. Micro Focus Int'l plc*, No. 4:18-cv-469-ALM (E.D. Tex., July 2, 2018), Dkt. No. 96 at ¶¶ 128-135; *Nintendo*, 756 F.3d at 1366 (identifying common invalidity issues as favoring a stay).

Regarding infringement, the so-called "custom test harness" does not exist. (Bruenger Decl. at ¶ 4 , Coburn Decl. Ex. C.) The only accused products that Wapp charted against Wells Fargo in its October 21 Contentions are Micro Focus products, referred to in the October 21 Contentions as "Micro Focus-related Accused Systems." (Coburn Decl. at ¶ 7.) On October 21, Wapp also purported to serve amended contentions on Micro Focus. (Coburn Decl. Ex. E.) Wapp's Wells Fargo and Micro Focus infringement contentions for the Micro Focus-related

8

Accused Systems are identical – the October 21 Contentions to Micro Focus and Wells Fargo assert the exact same claims against the exact same Micro Focus products using the exact same charts. (Coburn Decl. at ¶ 8.) Identical contentions warrant a stay. *St. Lawrence*, 2017 WL 3712912, at *3.

Of the thirteen (13) asserted claims, twelve (12) are system claims. (*See* Coburn Decl. Exs. D and E, identifying the asserted claims; Dkt. Nos. 1-1 – 1-3, the Patents-in-Suit.) Accordingly, as with apparatus claims, the resolution of the 12 asserted systems claims in the Manufacturer Suit will undeniably be dispositive of those assertions in this case. Wapp's accused Micro Focus-related Accused System(s) either directly infringe the asserted systems claims or they do not.

The thirteenth asserted claim—Claim 20 of the '864 patent—is a method claim. Importantly, as discussed above, Wapp has asserted only direct infringement claims against Micro Focus and Wells Fargo. Given the identical charting, it is virtually certain that resolution of this single method claim in the Manufacturer Suit would be dispositive in this suit. Even if it were not, the Manufacturer Suit will undoubtedly resolve the "major issues" by being dispositive of invalidity and infringement of 12 of the 13 asserted claims (i.e., the 12 system claims).

## IV. CONCLUSION

Wapp should not be permitted to thwart the Customer Suit Doctrine by both ignoring and avoiding discovery showing that Wells Fargo is a mere customer of Micro Focus. The question upon which the Court denied Wells Fargo's original stay motion has been answered: Wells Fargo is a customer, not a manufacturer. The Manufacturer Suit would undoubtedly resolve the major issues presented in this suit. Accordingly, the Customer Suit Doctrine governs, and Wells Fargo respectfully requests that the Court stay this action pending resolution of the Manufacturer Suit.

Dated: October 29, 2020

Respectfully Submitted,

By: */s/ Bradley D. Coburn*
Barry K. Shelton
Texas State Bar No. 24055029
Bradley D. Coburn
Texas State Bar No. 24036377
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, Texas 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com
coburn@sheltoncoburn.com

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

Counsel for the parties conferred by telephone on October 23, 2020 and October 28, 2020. I discussed the issue presented herein on behalf of Defendant, and I explained that Wells Fargo is a mere customer of Micro Focus. Mr. Robert Kramer, counsel for Plaintiffs, indicated that Plaintiffs are opposed. The discussions ended in an impasse, leaving an open issue for the Court to address.

*/s/ Bradley D. Coburn*
Bradley D. Coburn

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being served via the Court's CM/ECF system on October 29, 2020 on all counsel of record who have consented to electronic service.

*/s/ Bradley D. Coburn*
Bradley D. Coburn