**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.,

Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

Defendant.

Case No. 4:18-cv-00501-ALM

REDACTED PUBLIC VERSION

**WELLS FARGO BANK, N.A.'S SEALED**
**RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITH PREJUDICE**

# TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1

BACKGROUND .......... 3

a. Micro Focus pursues its invalidity defense before and after the trial in Wapp's case against it. .......... 3

b. Wells Fargo is not a party to the Term Sheet. .......... 4

c. Wapp accuses Wells Fargo of infringing the Patents-in-Suit in a second lawsuit and attempts to strip Wells Fargo of its affirmative defenses. .......... 5

LEGAL STANDARD .......... 6

ARGUMENT .......... 7

I. Rule 41(a)(2) does not authorize Wapp's attempted summary adjudication of Wells Fargo's affirmative defenses. .......... 7

a. Allowing a claimant to adjudicate a defendant's defenses via Rule 41(a)(2) would defeat the rule's purpose. .......... 7

b. A Rule 41(a)(2) voluntary dismissal operates as an adjudication only against the movant, not the nonmovant. .......... 8

c. The opinions that Wapp cites are distinguishable. .......... 9

II. The Court should deny Wapp's Motion because the dismissal that Wapp seeks would prejudice Wells Fargo. .......... 10

a. Wells Fargo's stipulation does not prevent it from demonstrating prejudice. .......... 10

b. The Term Sheet does not prevent Wells Fargo from showing prejudice. .......... 13

CONCLUSION .......... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cobb v. Miller*,
818 F.2d 1227 (5th Cir. 1987) ....................13

*Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*,
943 F.3d 239 (5th Cir. 2019) ....................12

*Elbaor v. Tripath Imaging, Inc.*,
279 F.3d 314 (5th Cir. 2002) ....................7

*Fornesa v. Fifth Third Mortg. Co.*,
897 F.3d 624 (5th Cir. 2018) ....................2, 12

*GlobeRanger Corp. v. Software AG*,
27 F. Supp. 3d 723 (N.D. Tex. 2014) ....................12

*Gulf Coast Marine & Associates, Inc. v. HERCULES 2505*,
No. 1:12-cv-342, 2013 WL 1898401 (E.D. Tex. Apr. 16, 2013) ....................1, 10, 12, 14

*Hall v. GE Plastic Pac. PTE Ltd.*,
327 F.3d 391 (5th Cir. 2003) ....................12

*Hallco Mfg. Co. v. Foster*,
256 F.3d 1290 (Fed. Cir. 2001)....................2, 14

*Ikospentakis v. Thalassic Steamship Agency*,
915 F.2d 176 (5th Cir. 1990) ....................11

*Kranz v. Midland Credit Mgmt.*,
No. SA-18-CV-169-XR, 2020 U.S. Dist. LEXIS 81995 (W.D. Tex. May 8, 2020) ....................11

*LeCompte v. Mr. Chip, Inc.*,
528 F.2d 601 (5th Cir. 1976) ....................7, 8, 9

*Manshack v. Sw. Elec. Power Co.*,
915 F.2d 172 (5th Cir. 1990) ....................8

*Nieman v. Hale*,
2015 WL 12463175 (N.D. Tex. June 18, 2015) ....................7

*Peals v. Quiktrip Corp.*,
No. 4:20-cv-022-KPJ, 2021 U.S. Dist. LEXIS 17883 (E.D. Tex. Jan. 29, 2021) ....................8

*Phillips v. Ill. Cent. Gulf R.R.*,
874 F.2d 984 (5th Cir. 1989) .....11

*Schwarz v. Folloder*,
767 F.2d 125 (5th Cir. 1985) .....9

*Simmons v. Reliance Standard Life Ins. Co.*,
310 F.3d 865 (5th Cir. 2002) .....12

*TQP Dev., LLC v. Branch Banking & Trust Co.*,
2014 WL 4749073 (E.D. Tex. Sept. 22, 2014) .....7, 9, 10

*In re W. Tex. Mktg. Corp.*,
12 F.3d 497 (5th Cir. 1994) .....8, 11

*Wapp Tech. Ltd. v. Bank of Am. Corp.*,
No. 4:18-cv-519-ALM, Dkt. No. 1 (E.D. Tex. July 20, 2018) .....3

*Wapp Tech. Ltd. v. Hewlett-Packard Enter. Co.*,
No. 4:18-cv-468-ALM, Dkt. No. 1 (E.D. Tex. July 2, 2018) .....3

*Wapp Tech. Ltd. v. Micro Focus Int'l PLC*,
No. 4:18-cv-469-ALM, Dkt. No. 1 (E.D. Tex. July 2, 2018) .....3, 11, 14

*Wapp Tech. Ltd. v. Wells Fargo Bank*,
No. 4:21-cv-671, Dkt. No. 1 .....2, 6, 8

**Statutes**

35 U.S.C. § 285 .....9

**Other Authorities**

Fed. R. App. P. 4 .....12

Fed. R. App. P. 4(A)(i), (v) .....12

Fed. R. Civ. P. 41(a) .....8

Fed. R. Civ. P. 41(a)(1) .....7

Fed. R. Civ. P. 41(a)(2) ..... *passim*

Fed. R. Civ. P. 54(d) .....9

## INTRODUCTION

Federal Rule of Civil Procedure 41(a)(2) allows claimants to abandon cases they no longer wish to pursue. Here, in a calculated maneuver to gain an unfair litigation advantage through a novel use of Rule 41(a)(2), Wapp asks the Court—over Wells Fargo's objection—to adjudicate Wells Fargo's affirmative defenses by dismissing them with prejudice. *See generally* Dkt. No. 176. Wapp aims to eliminate Wells Fargo's affirmative defenses—specifically, invalidity—in the second installment of Wapp's serial litigation against Wells Fargo, *Wapp II*. In *Wapp II*, Wapp accuses Wells Fargo of infringing the same claims and patents as in *Wapp I* while changing the accused products to Apple's XCode and Google's Android Studio. In a transparent effort to control the narrative and distract from its own gamesmanship, Wapp accuses Wells Fargo of deploying "squeeze tactics" in opposing its Motion to Dismiss. Nothing is further from the truth.

***First***, Rule 41(a)(2) cannot be used to dispose of Wells Fargo's affirmative defenses. The well-accepted purpose of Rule 41(a)(2), and the well-understood effect of a 41(a)(2) dismissal, establishes that 41(a)(2) dismissals with prejudice operate against the movant and cannot be used to obtain summary judgment–like dispositions of a nonmovant's defenses. Wapp has offered no authority supporting its proposed use of Rule 41(a)(2), and Wells Fargo has found none.

***Second***, dismissing Wells Fargo's affirmative defenses with prejudice would prejudice Wells Fargo. A court may not dismiss a case under Rule 41(a)(2) if doing so would prejudice the nonmovant. Here, if the Court were to adjudicate Wells Fargo's affirmative defenses against Wells Fargo, [redacted]

[redacted]

[redacted]

[redacted] *Wapp Tech. Ltd. v. Wells Fargo Bank*, No. 4:21-cv-671, Dkt. No. 1,

¶¶ 133–50 (E.D. Tex. Aug. 27, 2021) (Wapp's request to bar Wells Fargo from challenging the validity of the Patents-in-Suit in *Wapp II*).

***Third***, Wells Fargo's request to dismiss its affirmative defenses without prejudice is entirely consistent with its agreement to be bound by a "final judgment" in *Wapp I*. As an initial matter, no appealable "final judgment" exists in *Wapp I* by which Wells Fargo could be bound. There is only (a) an unappealable Court order clearly subject to posttrial briefing and (b) a stipulated dismissal resulting from the Micro Focus/Wapp settlement, which cut off appellate review of the determinations in *Wapp I v. Micro Focus*. ***Additionally***, even if there were a "final judgment" in *Wapp I v. Micro Focus*, Wells Fargo did not agree that such a judgment would bar a challenge to the Patents-in Suits' validity in a future action accusing completely different products—a position that Federal Circuit law fully supports. *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1295–96 (Fed. Cir. 2001) (holding that a prior judgment "would operate to bar a challenge to the validity of the patent claims at issue in the first suit only if the accused device was 'essentially the same'" as the device found to infringe in the prior lawsuit).

***Fourth***, the Term Sheet does not require dismissal of Wells Fargo's affirmative defenses with prejudice. In the Term Sheet Wapp submitted to the Court ***under seal***, Wapp redacted provisions [redacted]. [redacted] Wapp seeks to have this Court impose a result not contemplated by the Term Sheet or allowed under

Rule 41(a)(2). Put simply, (1) Wells Fargo is not a party to the Term Sheet, (2) the Term Sheet does not require Wells Fargo to relinquish its affirmative defenses, and (3) the Term Sheet is in no way a merits decision on those issues.

The Court should therefore decline to dismiss Wells Fargo's affirmative defenses with prejudice. As Rule 41(a)(2) and the Term Sheet contemplate, the Court should dismiss only ***Wapp's claims*** with prejudice.

## BACKGROUND

### a. Micro Focus pursues its invalidity defense before and after the trial in Wapp's case against it.

This case is one of several that Wapp has brought in this district alleging infringement of U.S. Patent Nos. 9,971,678, 9,298,864, and 8,924,192 (the "Patents-in-Suit").[1] In the first chapter of its serial-litigation scheme, Wapp sued Micro Focus and then, in two additional actions, Micro Focus customers Wells Fargo and Bank of America. Under well-settled Federal Circuit precedent, Wells Fargo asked the Court to stay its case pending the outcome of *Wapp I v. Micro Focus* and agreed in its motion-to-stay briefing to be "bound by any final judgment in [*Wapp I v. Micro Focus*] as to both infringement and invalidity." Dkt. No. 137 at 8.

A jury found that Micro Focus willfully infringed the Patents-in-Suit, and the Court entered a final judgment on that verdict, clearly stating the final judgment without prejudice to "any post-trial issues that may be raised in post-trial motions by any party." *Wapp I v. Micro Focus*, Dkt. No. 487. The Court declined to submit Micro Focus's invalidity defense to the jury—Micro Focus's limited time to present its written-description defense likely contributed to the ruling. *Id.* Dkt. No.

---

[1] *Wapp Tech. Ltd. v. Micro Focus Int'l PLC*, No. 4:18-cv-469-ALM, Dkt. No. 1 (E.D. Tex. July 2, 2018) (*Wapp I v. Micro Focus*); *Wapp Tech. Ltd. v. Hewlett-Packard Enter. Co.*, No. 4:18-cv-468-ALM, Dkt. No. 1 (E.D. Tex. July 2, 2018); *Wapp Tech. Ltd. v. Bank of Am. Corp.*, No. 4:18-cv-519-ALM, Dkt. No. 1 (E.D. Tex. July 20, 2018).

486 at 2. Micro Focus thus requested a new trial on invalidity based on Wapp's improper expansion of its infringement case during trial. *Id.* Dkt. No. 494 at 64–66. While Wapp promised the Court its "experts would 'not present new [infringement] opinions at trial,'" Micro Focus's Motion for New Trial argued that Wapp's experts had offered new infringement opinions contrary to Wapp's representations. *Id.*

The Court never had the chance to rule on Micro Focus's Motion for New Trial. While Micro Focus's Motion was still pending, Micro Focus and Wapp settled their dispute via a binding term sheet (the "Term Sheet"). Micro Focus and Wapp filed a Stipulation of Dismissal with Prejudice of *Wapp I*. Dkt. No. 529.

**b. Wells Fargo is not a party to the Term Sheet.**

[redacted] Prior to October 1, 2021, Wells Fargo had never seen the final Term Sheet because Micro Focus provided Wells Fargo only selected excerpts of the Term Sheet, and even those excerpts were provided ***only after*** Wapp and Micro Focus executed the Term Sheet.

Even when Wapp filed its Motion to Dismiss ***under seal***, it still did not provide the Term Sheet in its entirety but choose instead to redact highly relevant provisions. Dkt. No. 196 Ex. 1. Put simply, despite the fact Wells Fargo had never seen the entire term sheet prior to Wapp filing its Motion, Wapp seeks to use the Term Sheet against Wells Fargo.[2]

Regarding Wapp's dismissal of its pending lawsuits, [redacted]

---

[2] Wells Fargo obtained a complete copy of the executed Term Sheet, weeks after its execution, only after Micro Focus provided Wells Fargo an unredacted copy.



c. **Wapp accuses Wells Fargo of infringing the Patents-in-Suit in a second lawsuit and attempts to strip Wells Fargo of its affirmative defenses.**

After Micro Focus and Wapp executed the Term Sheet on July 15, 2021, Wapp sued Wells Fargo again in *Wapp II*. *Wapp Tech. Ltd. v. Wells Fargo Bank*, No. 4:21-cv-671, Dkt. No. 1 (E.D.

Tex. Aug. 27, 2021). In *Wapp II*, Wapp alleges that Wells Fargo infringes the Patents-in-Suit and two additional patents by using ***accused third-party products different from those accused in this case***. *Id.* ¶¶ 30, 64–70. Ignoring the difference in the accused products and the complete absence of any Micro Focus involvement, Wapp now seeks a declaratory judgment barring Wells Fargo from challenging the Asserted Patents' validity in *Wapp II*. *Id.* ¶¶ 133–50.

To strip Wells Fargo of its invalidity defenses in *Wapp II*, Wapp demanded that Wells Fargo stipulate to a dismissal with prejudice of all its affirmative defenses here. Relying on both Federal and Fifth Circuit case law, Wells Fargo refused Wapp's demand and instead proposed a dismissal of ***Wapp's infringement claims*** with prejudice, [REDACTED] Wapp refused Wells Fargo's proposal and moved under Rule 41(a)(2) for voluntary dismissal with prejudice ***not only of its case but also of Wells Fargo's affirmative defenses in their entirety***.

## LEGAL STANDARD

Rule 41(a)(2) states, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). A court should grant voluntary dismissal under a 41(a)(2) motion unless "the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Even when a movant requests voluntary dismissal with prejudice, a court should deny a request "where the defendant can show some legal prejudice arising from the dismissal." *TQP Dev., LLC v. Branch Banking & Trust Co.*, 2014 WL 4749073, at *2 (E.D. Tex. Sept. 22, 2014). For example, "[l]egal prejudice

will exist when an affirmative defense would be lost." *Nieman v. Hale*, 2015 WL 12463175, at *2 (N.D. Tex. June 18, 2015).

## ARGUMENT

The Court should deny Wapp's Motion because (1) asking a court to adjudicate a nonmovant's defenses via a motion for voluntary dismissal is improper and (2) dismissing Wells Fargo's affirmative defenses with prejudice improperly (and unfairly) strips Wells Fargo of affirmative defenses. Furthermore, Wells Fargo's agreement to be bound by a "final judgment" as to invalidity and infringement is not inconsistent with the relief that Wells Fargo requests here.

### I. Rule 41(a)(2) does not authorize Wapp's attempted summary adjudication of Wells Fargo's affirmative defenses.

The purpose and effect of Rule 41(a)(2) dismissals show that a movant cannot rely on Rule 41(a)(2) to seek dismissal with prejudice of a nonmovant's affirmative defenses. Neither of the cases that Wapp cites in its brief involved circumstances similar to the instant Motion, and Wells Fargo has identified no case law supporting Wapp's requested relief.

#### a. Allowing a claimant to adjudicate a defendant's defenses via Rule 41(a)(2) would defeat the rule's purpose.

"The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte*, 528 F.2d at 604.[3] Allowing a movant seeking voluntary dismissal under Rule 41(a)(2) to obtain dismissal with prejudice of a nonmovant's defenses would defeat the purpose of Rule 41(a)(2) by permitting

[3] *See also, e.g.*, *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) ("The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."); *Peals v. Quiktrip Corp.*, No. 4:20-cv-022-KPJ, 2021 U.S. Dist. LEXIS 17883, at *23 (E.D. Tex. Jan. 29, 2021) ("The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." (internal quotation omitted) (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364 (4th ed. Oct. 2020 update))).

a course of action generally prejudicial to nonmovants. "[A] dismissal with prejudice . . . normally constitutes a final judgment on the merits which bars a later suit on the same cause of action." *In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 501 (5th Cir. 1994) (citation omitted). Thus, dismissal with prejudice of a nonmovant's affirmative defenses under 41(a)(2) is—contrary to the heading of Rule 41(a), "Voluntary Dismissal"—an ***involuntary*** adjudication of a nonmovant's defenses. This novel involuntary adjudication would prejudice nonmovants by preventing them from relying on their defenses in future lawsuits. The clear intent of Rule 41(a)(2) seeks to protect a defendant from the exact type of prejudice that Wapp attempts to impose on Wells Fargo with the instant Motion.

To be clear, by its Motion, Wapp seeks to prevent full and fair litigation of the validity of the Patents-in-Suit. *See Wapp Tech. Ltd. v. Wells Fargo Bank*, No. 4:21-cv-671, Dkt. No. 1, ¶¶ 133–50 (E.D. Tex. Aug. 27, 2021) (requesting declaratory judgment that Wells Fargo may not challenge the validity of the Patents-in-Suit). The Court should see through Wapp's scheme. Because the purpose of Rule 41(a)(2) is "to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced," *LeCompte*, 528 F.2d at 604, a party cannot use the Rule to seek an adjudication that operates against a nonmovant. The Court should deny Wapp's Motion to Dismiss and prevent Wapp's attempt to manipulate the rules.

**b. A Rule 41(a)(2) voluntary dismissal operates as an adjudication only against the movant, not the nonmovant.**

The effect of voluntary dismissal with prejudice under Rule 41(a)(2) is that the nonmovant is a prevailing party. "[A] dismissal with prejudice [under 41(a)(2)] gives the defendant the full relief to which he is legally entitled and is tantamount to a judgment on the merits." *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985). Therefore, a plaintiff's dismissal with prejudice under Rule 41(a)(2) makes the defendant a "prevailing party" for the purposes of awards of costs under Rule 54(d). *Id.* Similarly, in the *TQP* case that Wapp cites, the plaintiff's voluntary dismissal with

prejudice made the defendant a "prevailing party" under 35 U.S.C. § 285 such that the defendant could seek an exceptional-case declaration and attorneys' fees. *TQP*, 2014 WL 4749073, at *2.

The fact that Rule 41(a)(2) dismissals make the nonmovant a prevailing party indicates that a movant may not use Rule 41(a)(2) to secure adjudications on the merits of a nonmovant's defenses. Allowing claimants to prevail by voluntarily dismissing their claims with prejudice would turn Rule 41(a)(2) on its head.

**c. The opinions that Wapp cites are distinguishable.**

Perhaps because it proposes a novel, offensive use of Rule 41(a)(2), Wapp could only offer the scant support of two (wholly inapplicable) district-court opinions. Neither opinion discusses dismissal of a nonmovant's affirmative defenses with prejudice.

***First***, *Gulf Coast Marine & Associates, Inc. v. HERCULES 2505*, No. 1:12-cv-342, 2013 WL 1898401, at *2 (E.D. Tex. Apr. 16, 2013), is inapposite because the plaintiff sought dismissal ***without*** prejudice and did not ask the court to dismiss the defendant's affirmative defenses.

***Second***, *TQP* is inapposite. In *TQP*, plaintiff requested dismissal of its infringement claims with prejudice and dismissal of the defendant's counterclaims with prejudice. 2014 WL 4749073, at *1. Rather than dismissing the counterclaims with prejudice, the court retained a counterclaim for an exceptional-case declaration and fee award and recognized that the voluntary dismissal of the plaintiff's claims mooted the defendant's remaining counterclaims. *Id.* at *2. The court did not dismiss the defendant's counterclaims with prejudice or otherwise indicate that doing so would be proper. The only relevant aspect of *TQP* is the recognition that the plaintiff's voluntary dismissal with prejudice made the defendant the prevailing party. *Id.*

In sum, Rule 41(a)(2) is the appropriate procedural mechanism for Wapp to dismiss its claims with prejudice, as the Term Sheet contemplates, but not the appropriate mechanism to

adjudicate Wells Fargo's affirmative defenses and prejudice Wells Fargo in future litigation with Wapp. Under Rule 41(a)(2), the Court can dismiss ***only*** *Wapp's* claims with prejudice.

## II. The dismissal that Wapp seeks would prejudice Wells Fargo.

A court should deny a Rule 41(a)(2) motion when granting the motion would deprive the defendant of a defense in a subsequent action.[4]

Here, Wapp intends to use a dismissal with prejudice of Wells Fargo's affirmative defenses to bar Wells Fargo from raising affirmative defenses in *Wapp II*. Wapp's serial lawsuits against Wells Fargo lay bare a scheme that Wapp clearly hatched during the discovery and settlement negotiations in *Micro Focus*. Not content with litigating a second lawsuit against Wells Fargo on a level playing field, Wapp seeks to gain the upper hand and insulate the *Wapp I* Patents-in-Suit from any invalidity challenge. An order in this case dismissing Wells Fargo's affirmative defenses with prejudice would be an improper adjudication on the merits that Wapp will try to use to prevent Wells Fargo from raising invalidity defenses in *Wapp II*. *In re W. Tex. Mktg. Corp.*, 12 F.3d at 501 ("[A] dismissal with prejudice at any stage of a judicial proceeding[] normally constitutes a final judgment on the merits which bars a later suit on the same cause of action."); [redacted] Accordingly, the Court should deny Wapp's Motion to Dismiss.

### a. Wells Fargo's stipulation does not prevent it from demonstrating prejudice.

Wapp argues that Wells Fargo's agreement "to be bound by any ***final judgment*** in [*Wapp I v. Micro Focus*] as to both infringement and invalidity" deprives Wells Fargo of its affirmative

---

4 *Ikospentakis v. Thalassic Steamship Agency*, 915 F.2d 176, 177 (5th Cir. 1990) (reversing grant of 41(a)(2) dismissal because allowing plaintiff to dismiss and refile in state court would deprive defendant of a defense); *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 987–88 (5th Cir. 1989) (affirming denial of 41(a)(2) dismissal without prejudice when allowing plaintiff to dismiss and refile in a different state would have deprived defendant of a statute-of-limitations defense); *Kranz v. Midland Credit Mgmt.*, No. SA-18-CV-169-XR, 2020 U.S. Dist. LEXIS 81995, at *7 (W.D. Tex. May 8, 2020) (denying 41(a)(2) motion because allowing plaintiff to dismiss and file in state court would have deprived defendant of a standing defense).

defenses in *Wapp II* such that a dismissal of Wells Fargo's affirmative defenses with prejudice here would not harm Wells Fargo.

Wapp is wrong. Judicial estoppel prevents Wells Fargo from taking positions "plainly inconsistent" with its prior agreement. *Fornesa v. Fifth Third Mortg. Co.*, 897 F.3d 624, 627 (5th Cir. 2018). This "plainly inconsistent" element is met only when a party makes a "glaringly inconsistent, all-encompassing, non-qualified" statement in a prior case that is directly contradictory to the party's current position. *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 398 (5th Cir. 2003); *see also GlobeRanger Corp. v. Software AG*, 27 F. Supp. 3d 723, 743–44 (N.D. Tex. 2014) ("[T]he Fifth Circuit has expressed reluctance to apply judicial estoppel in situations where a party's alleged change of position is merely implied rather than clear and express." (internal quotation marks and citation omitted)).

No such "glaringly inconsistent" or clearly contradictory positions exist here.

***First***, because no appealable "final judgment" as to invalidity exists in *Wapp I v. Micro Focus*, Wells Fargo cannot be taking an inconsistent position with a "final judgment." A judgment is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 247 (5th Cir. 2019). Under Federal Rule of Appellate Procedure 4, "the time to file an appeal does not begin to run until the district court has disposed of certain post[-]judgment motions," including a motion for judgment as a matter of law or a motion for new trial, "because, until the district court addresses all post-judgment motions specified by the rule, it has not entirely finished with a case." *Simmons v. Reliance Standard Life Ins. Co.*, 310 F.3d 865, 868 (5th Cir. 2002); Fed. R. App. P. 4(A)(i), (v).

The Court issued the document titled "Final Judgment" in *Wapp I v. Micro Focus* "subject to, and without waiving, any post-trial issues that may be raised in post-trial motions by any party."

*Wapp I v. Micro Focus*, Dkt. 487. And Micro Focus requested a new trial on invalidity because of Wapp's improper expansion of its infringement case at trial. Dkt. No. 494 at 64–66. However, before any ruling on Micro Focus's posttrial motion, Micro Focus and Wapp settled *Wapp I v. Micro Focus* and filed a stipulated dismissal of *Wapp I v. Micro Focus* with prejudice that foreclosed post-judgment and appellate review of the issues in that matter. Thus, in *Wapp I v. Micro Focus*, the Court never issued a "final judgment" by which Wells Fargo could be bound. *See Cobb v. Miller*, 818 F.2d 1227, 1237–38 (5th Cir. 1987) (holding that judgment entered prior to timely filed motion for new trial was not final).

Nor does the stipulated dismissal of *Wapp I v. Micro Focus* operate as a "final judgment" to which Wells Fargo has agreed to be bound. That stipulation resulted from the Term Sheet between Wapp and Micro Focus that prevented the trial court from reconsidering invalidity and eliminated appellate review. Like the document titled "Final Judgment," the *Wapp I v. Micro Focus* stipulated dismissal with prejudice does not constitute a "final judgment" under the law by which Wells Fargo agreed to be bound. Accordingly, because neither the stipulation of dismissal with prejudice nor the "final judgment" in *Wapp I v. Micro Focus* is an appealable final judgment, Wells Fargo's request that its affirmative defenses—including invalidity and noninfringement—be dismissed without prejudice is not "plainly inconsistent" with its agreement to be bound by a "final judgment" in *Wapp I v. Micro Focus*.

***Second***, even if a "final judgment" as to invalidity existed in *Wapp I v. Micro Focus*, Wells Fargo did not agree that any judgment would bar Wells Fargo from asserting the affirmative defenses that it has pleaded here in future litigations involving entirely different products, as is the case in *Wapp II*. Dkt. No. 134 at 7–8. Indeed, the Federal Circuit has held that a prior judgment "would operate to bar a challenge to the validity of the patent claims at issue in the first suit only

if the accused device was 'essentially the same'" as the device found to infringe in the prior lawsuit. *Hallco*, 256 F.3d at 1295–96. Under *Hallco*, if Wapp may bring a second infringement case involving non–Micro Focus products, Wells Fargo cannot be barred from challenging patent validity in that action. This is another, independent reason why Wells Fargo's request that its affirmative defenses be dismissed without prejudice is not "plainly inconsistent" with its agreement to be bound by a "final judgment" in *Wapp I v. Micro Focus*.

**b. The Term Sheet does not prevent Wells Fargo from showing prejudice.**

Wapp argues that Wells Fargo cannot show prejudice because the Term Sheet requires Wells Fargo to agree to dismiss its affirmative defenses with prejudice. The clear language of the ***whole*** Term Sheet—instead of the incomplete, redacted picture that Wapp offered to the Court—refutes Wapp's argument.

[redacted]

**CONCLUSION**

For the foregoing reasons, the Court should not dismiss with prejudice any of Wells Fargo's affirmative defenses. Rather, as Rule 41(a)(2) and the Micro Focus Term Sheet contemplate, the Court should dismiss only Wapp's claims with prejudice.

Dated: October 28, 2021

Respectfully submitted,

/s/ *Thomas M. Melsheimer*
Thomas M. Melsheimer
Texas State Bar No. 13922550
TMelsheimer@winston.com
Katrina G. Eash
Texas State Bar No. 24074636
KEash@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Elizabeth Danielle T. Williams
North Carolina State Bar No. 23283
DWilliams@winston.com
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7790
Facsimile: (704) 350-7800

**Attorneys for Defendant**
**WELLS FARGO BANK, N.A.**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned hereby certifies that the foregoing document was filed under seal pursuant to the Protective Order in this matter.

*/s/ Katrina G. Eash*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically via CM/ECF on October 28, 2021. As such this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Katrina G. Eash*
Katrina G. Eash