IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | § § § § § § § § § § § | |
| *Plaintiffs*, | | Case No. 4:18-cv-00501-ALM |
| v. | | **Jury Trial Demanded** |
| WELLS FARGO BANK, N.A., | | |
| *Defendant*. | | |

**PLAINTIFFS' REPLY IN SUPPORT OF OPPOSED
MOTION TO DISMISS WITH PREJUDICE**

███████████████████████████████████

I. **INTRODUCTION**

Wells Fargo's response is more telling for what it omits than what it includes. It does not dispute that Wells Fargo gave Micro Focus ███████████████████████; it does not dispute that Wells Fargo gave Micro Focus ███████████████████████████ ███; and it does not dispute that Micro Focus ██████████████████. It could not make such statements because they would not be true.

Wells Fargo's opposition to this motion is a transparent attempt to renege on the agreement that Micro Focus entered on its behalf. The Court should dismiss this case with prejudice, as required by the Term Sheet.

II. **ARGUMENT**

    A. **Wells Fargo** ███████████████████████████████.

███████████████████████████████████████████████████████

███████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

Micro Focus entered into the Term Sheet on Wells Fargo's behalf and agreed to dismiss this

---

[1] In response to Wapp's requests for Wells Fargo's indemnity agreements pertaining to this lawsuit, Wells Fargo repeatedly pointed to two agreements in its document production, WF124 and WF171. Ex. B, 10/25/21 email from Eash; Ex. C, 11/5/21 email from Eash. WF124 is the Wells Fargo Master agreement with Micro Focus, which is discussed and attached this Reply as Exhibit A. WF171 pertains to a different supplier, Hewlett-Packard.

lawsuit with prejudice. *See* Ex. 1 to Dkt. 176 at para. 5.

Wells Fargo argues that it was not a party to the Term Sheet and did not see the Term Sheet before it was executed. But these are red herrings. Even accepting as true Wells Fargo's assertion that it did not see the Term Sheet before it was executed, it simply does not matter. The Term Sheet is a "settlement," and ████████████████████████████.

Wells Fargo has no basis to withdraw from the agreement that it appointed Micro Focus to resolve on its behalf. [2]

### B. Micro Focus, with Wells Fargo's authority, agreed to the dismissal with prejudice of this entire case.

Wells Fargo's response concedes, as it must, that the Term Sheet required Wapp to file a ████████████████████████

████████████████████████████████████████████

Ex. 1 to Dkt. 176 at para. 5. ████████████ STIPULATION, Black's Law Dictionary (11th ed. 2019) ("[a] voluntary agreement between opposing parties concerning some relevant point"). A "case" is an entire controversy, not just affirmative claims. CASE, Black's Law Dictionary (11th ed. 2019) ("A civil or criminal proceeding, action, suit, or controversy at law or in equity"). A plain reading of this provision requires Wells Fargo to agree

---

[2] Bank of America certainly understood the meaning of the Term Sheet because it agreed to a dismissal "with prejudice" of its corresponding lawsuit. Ex. D, Joint Stipulation of Dismissal with Prejudice.

████████ to dismiss the "case" (*i.e.*, claims and defenses) ████████

Wells Fargo argues that the Term Sheet did not require it to do "anything," but the Term Sheet plainly required Wells Fargo to ████████ to the dismissal with prejudice. What's more, in its ████████ Wells Fargo promised ████████ ████████. Ex. A, Master Agreement at 14. Wells Fargo's refusal to stipulate to a dismissal with prejudice of this case, after the conclusion of a weeks-long, carefully negotiated settlement, is not ████████

**Section 11.vi of the Term Sheet is consistent with section 5.** Wells Fargo attempts to invoke an irrelevant portion of the Term Sheet, Section 11, to avoid its obligation to stipulate to the dismissal with prejudice. But Section 11 is inapplicable. As Wells Fargo concedes (as it must), ████████ ████████.

To the extent Wells Fargo is arguing that because Section 11 does not expressly prohibit Wells Fargo from asserting an invalidity defense, then Section 5 should be read, *contra to its plain language*, not to require dismissal of this case with prejudice, no principle of contract interpretation supports such a reading. Section 11 provides a narrow exception—for Micro Focus and *only* Micro Focus—to the broader dismissal with prejudice in Section 5. That is, ████████ ████████ ████████. It does not support, much less require, a wholesale rewrite of Section 5.

**Filing a stipulated motion for dismissal is a purely administrative task.** Wells Fargo also points to the ████████ language in Section 5 and argues that because the provision charges Wapp with filing the stipulated motion for dismissal with prejudice, then only Wapp's affirmative claims

3

should be dismissed with prejudice. But this ignores the plain language of Section 5. The ▇ ▇ language merely requires the party who brought the lawsuit to file the dismissal papers. It states that Wapp ▇ the dismissal papers for the cases it brought, and Micro Focus ▇ ▇ the dismissal paper for the case it brought. It is an administrative task without substantive significance because Section 5 requires the motion to dismiss the case with prejudice to be *stipulated*, i.e., *agreed*.

### C. Rule 41(a)(2) authorizes the Court to dismiss a case with prejudice that both parties agreed to dismiss with prejudice.

Rule 41(a)(2) authorizes actions to be dismissed at the plaintiff's request "on terms that the court considers proper." "The judicial precedents have made it perfectly clear that the grant or denial of a Rule 41(a)(2) dismissal motion, with or without prejudice, is a matter addressed to the trial court's sound discretion." 9 Charles Alan Wright & Arthur R. Miller, *Federal Prac. & Proc.* § 2364 (4th ed.) It is hard to imagine a case *more* suited to this type of dismissal than one that both parties contractually agreed to dismiss with prejudice.

Wells Fargo wrongly characterizes of the use of Rule 41(a)(2) to dismiss with prejudice an entire case, including defendant's affirmative defenses, as "novel." In reality, it is routine, especially in the context of cases dismissed pursuant to settlement agreements, like this one. *See, e.g.*, *Sanders v. Liberty County, Texas*, 1:10-CV-26-TH, 2011 WL 13196301 (E.D. Tex. June 8, 2011).

It is beyond dispute that Wells Fargo is a sophisticated party who voluntarily ceded control of the settlement of this matter to Micro Focus. Therefore, its cries of "prejudice" should be ignored. *Sanders*, 2011 WL 13196301, at *2 (noting that when motions to dismiss under Rule 41(a)(2) are filed pursuant to settlement agreements, the "usual factors" (such as potential prejudice) are not considered) (citing *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 381 (1994)).

4

Wells Fargo also attempts to attribute a nefarious intent to Wapp's decision to file a redacted version of the Term Sheet. Wapp provided the portions relevant to a determination of the present dispute because the agreement is highly confidential and contains sensitive information. Section 11, the single redacted provision that Wells Fargo added, is a straw man for the reasons stated above. It simply has no relevance to the straightforward application of Section 5's dismissal obligations.

### D. Wells Fargo's defenses in the Second Suit are not at issue here.

Several pages of Wells Fargo's response assert arguments entirely irrelevant to the present motion. Whether the Micro Focus case resulted in a "final judgment" or whether judicial estoppel will apply in the Second Suit have no bearing on the resolution of this motion. The only issue presently before the Court is whether Wells Fargo should be held to the bargain its indemnitor and "sole" controller of settlement agreed to: dismissal of this case with prejudice. The Court's decision does not depend upon whether Wells Fargo has defenses in a later-filed suit.[3]

### E. Wells Fargo, not Wapp, is attempting to obtain a tactical advantage in the Second Suit.

Wells Fargo accuses Wapp of seeking a tactical advantage through its Motion. This is not true. In reality, Wapp offered Wells Fargo a deal in which *neither* party would rely on the dismissal order in the Second Suit. Ex. B, 10/21/21 email from Anaipakos; Ex. E, 11/9/21 email from Kim. Tellingly, Wells Fargo refused Wapp's offer (Ex. B, 10/27/21 email from Eash; Ex. C, 11/11/21 email from Eash), revealing its true motivation: to improperly rely on a dismissal *without* prejudice

---

3 Wapp disagrees with Wells Fargo's characterization of the case law regarding the effects of its stipulation and the final judgment in the Micro Focus case. However, that case law is not relevant to a resolution of this Motion. Wapp reserves the right to fully address this law in the Second Suit.

to argue that it has not lost any affirmative defenses in the Second Suit. More specifically, Wells Fargo hopes to argue that a dismissal without prejudice regarding its defenses undoes its stipulation "to be bound by a final judgment in the [Micro Focus] Suit as to . . . invalidity." Dkt. 137 at 8, Wells Fargo Motion to Stay.

Wells Fargo's efforts should be rejected, and this case should be dismissed under the terms that it authorized.

The Term Sheet was the result of a careful, thorough negotiation. It resulted from Judge Folsom's extraordinary efforts in his role as mediator, including numerous joint and separate sessions conducted over several weeks. Wapp agreed to dismiss its claims with prejudice and is entitled to the benefit of the bargain, which is the dismissal of the entire case. Wells Fargo is attempting to fundamentally alter that deal.

Wells Fargo's refusal to agree to neutral language in the dismissal order confirms that it is seeking an improper, after-the-fact tactical advantage (i) by attempting to undo the agreement it authorized Micro Focus to reach on its behalf and (ii) by attempting to undo its stipulation to be bound by the Micro Focus Final Judgment.

## III.   CONCLUSION

This Court has authority to dismiss this case with prejudice. Wells Fargo agreed to give control of this case to Micro Focus as its supplier and indemnifier. Micro Focus exercised that control by entering into the Term Sheet, which requires that this case be dismissed "with prejudice." The Court should grant Plaintiffs' Opposed Motion to Dismiss with Prejudice.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dated:  November 12, 2021	Respectfully submitted,

/s/ Amir Alavi
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

Leslie V. Payne
State Bar No. 0784736
lpayne@hpcllp.com
HEIM PAYNE & CHORUSH, LLP
1111 Bagby St., Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Deron R Dacus
ddacus@dacusfirm.com
The Dacus Firm, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Telephone: 903 705-1117
Facsimile: 903 581-2543

**ATTORNEYS FOR PLAINTIFFS WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.**

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document was filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Amir Alavi*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically on November 12, 2021.  As such, this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Amir Alavi*
