## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

WAPP TECH LIMITED PARTNERSHIP
AND WAPP TECH CORP.,

        Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

        Defendant.

Case No. 4:18-cv-00501-ALM

### WELLS FARGO BANK, N.A.'S SEALED
### SURREPLY TO PLAINTIFFS' MOTION TO DISMISS WITH PREJUDICE

Wapp has failed to present any authority allowing the Court to adjudicate Wells Fargo's affirmative defenses via a Rule 41(a)(2) motion.  The only case on which Wapp relies in its Reply addresses neither the resolving of settlement disputes nor the adjudicating of affirmative defenses.

Wapp also improperly relies on ███████████████████████████ ████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ██████████████████████████████████████ Moreover, although a reader would not know it from Wapp's Reply, t████████████████████████ ███████████████████████████████████████████████████ ██████████████████Wells Fargo never agreed to surrender its affirmative defenses in this case or future cases, and ████████████████████████████

Unable to secure a "stipulated" dismissal under Rule 41(a)(1)(A)(ii) to which Wells Fargo will agree, Wapp asks the Court to force Wapp's preferred terms of dismissal on Wells Fargo and,

in the process, adjudicate Wells Fargo's affirmative defenses to Wells Fargo's detriment.  That is an improper use of Rule 41(a)(2)'s voluntary dismissal procedure.

The Court should deny Wapp's motion and dismiss only Wapp's claims with prejudice.

## I.      Wapp's Reply cites no cases indicating the Court can adjudicate Wells Fargo's affirmative defenses through a Rule 41(a)(2) dismissal.

Although Wapp claims its motion seeks "routine" relief, Wapp cites only one inapposite opinion to support its requested dismissal with prejudice.  Wapp contends that *Sanders v. Liberty Cty.*, 2011 WL 13196301 (E.D. Tex. June 8, 2011) allows adjudication of Wells Fargo's affirmative defenses via a Rule 41(a)(2) dismissal.

*Sanders* is inapposite.  First, the movant in *Sanders* did not ask the court to dismiss the nonmovant's affirmative defenses.  *Sanders v. Liberty Cty.*, 1:10-cv-26-TH, Dkt. No. 99 (E.D. Tex. May 25, 2011), Ex. 1.  Second, Wapp incorrectly characterizes *Sanders* as a case about a settlement dispute.  In *Sanders*, the parties filed a joint motion to dismiss concurrently with the plaintiff's motion for voluntary dismissal under Rule 41(a)(2).[1]  *Id.*, Dkt. Nos. 97, 99.  The Plaintiff filed the separate motion asking the court to retain ancillary jurisdiction to enforce part of the parties' settlement.[2]  *Id.* Dkt. No. 99, ¶ 4.  Presumably, because the nonmovant never responded to the movant's motion, the nonmovant did not oppose the motion.  When the Court rendered judgment, it did so pursuant to the parties' joint motion to dismiss, not the plaintiff's separate motion.  *Id.* Dkt. No. 101.  *Sanders* had nothing to do with a settlement dispute—much less a request to dismiss a nonmovant's affirmative defenses with prejudice.

---

[1]      The court noted that the movant mischaracterized her motion as a motion under Rule 41(a)(1)(A)(ii) because she was the only party that signed the motion, and the court treated the motion as one under Rule 41(a)(2).

[2]      *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 381 (1994) is a case about the ancillary jurisdiction of the federal districts courts—not, as Wapp portrays it, a case about using Rule 41(a)(2) to adjudicate affirmative defenses or enforce settlement agreements.

II.  **Wapp offers no support for its argument that an agreement Wells Fargo did not sign, and to which Wells Fargo did not assent, requires Wells Fargo to relinquish its affirmative defenses.**

According to Wapp, ███████████████████████████████████

████████████████████████████████████████████████████████

██████████████   █████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████   ██████████████████████████████████

████████████████████████████████████████████████████████

███████████████   ███████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

      █████████████████████████████████████████████████

███████████████████████████████

        █████████████████████████████████████████████████
        █████████████████████████████████████████████████
        ███████████████████████

███████████████████████████  And Wells Fargo has consistently declined to surrender

its affirmative defenses ever since it learned of the Term Sheet.

Next, Wapp incorrectly argues that although ████████████████████████

████████████████████████████████████████████████████████

████████████████  Contrary to Wapp's attempts to rewrite the Term Sheet, ████████████

████████████████████████████████████████████████████████

██████   ██████████████████████████████████████████████████



There is a more reasonable reading of ████████████████ than Wapp's reading,

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████ That is

precisely what Rule 41(a)(2) contemplates and what the Court should do here.

4

Dated: November 19, 2021

Respectfully submitted,

/s/ *Thomas M. Melsheimer*
Thomas M. Melsheimer
Texas State Bar No. 13922550
TMelsheimer@winston.com
Katrina G. Eash
Texas State Bar No. 24074636
KEash@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Elizabeth Danielle T. Williams
North Carolina State Bar No. 23283
DWilliams@winston.com
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7790
Facsimile: (704) 350-7800

**Attorneys for Defendant
WELLS FARGO BANK, N.A.**

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document was filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Katrina G. Eash*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically and will be served on all counsel of record via email on November 19, 2021.

/s/ *Katrina G. Eash*
Katrina G. Eash

5