# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., § § § *Plaintiffs,* § § v. § § WELLS FARGO BANK, N.A., § § *Defendant.* § | Civil Action No. 4:18-CV-00501 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s Opposed Motion to Dismiss with Prejudice (Dkt. #176). Having considered the motion and relevant pleadings, the Court finds it should be **GRANTED**.

### BACKGROUND

On July 2, 2018, Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. ("Wapp") filed a patent infringement lawsuit (the "Manufacturer Suit") against Micro Focus International PLC ("Micro Focus") (No. 4:18-CV-469-ALM). The asserted patents in the Manufacturer Suit included U.S. Patent Nos. 8,924,192; 9,298,864; and 9,971,678 ("'192, '864, and '678 Patents").

In addition to the Manufacturer Suit, Wapp filed a lawsuit against Bank of America (No. 4:18-CV-519-ALM), along with the current lawsuit against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "Bank Suits").[1] In the Bank Suits, Wapp alleged infringement of the '192, '864, and '678 Patents (Dkt. #1).

---

[1] The case was originally filed against Wells Fargo & Co. (Dkt. #1). Wells Fargo Bank, N.A. was later joined as a defendant, and Wells Fargo & Co. was dismissed without prejudice (Dkt. #92).

In October 2020, Wells Fargo filed a motion to stay in which Wells Fargo stipulated it "hereby agrees to be bound by any final judgment in the Manufacturer Suit as to both infringement and invalidity" (Dkt. #137 at p. 8). Bank of America also filed a motion to stay and made a similar stipulation (No. 4:18-cv-519, Dkt. #134 at pp. 7–8). Wapp filed non-oppositions to the motions to stay (Dkt. #159; No. 4:18-cv-519, Dkt. #155). The Court stayed the Bank Suits while the Manufacturer Suit continued to trial (Dkt. #160; No. 4:18-cv-519, Dkt. #156).

At trial for the Manufacturer Suit, the jury found that Micro Focus willfully infringed each asserted patent. *Wapp Tech. Ltd. v. Micro Focus Int'l PLC*, No. 4:18-cv-469-ALM, Dkt. No. 460 (E.D. Tex., Mar. 8, 2021). However, the Court did not submit Micro Focus' invalidity defense to the jury (No. 4:18-cv-469-ALM, Dkt. #487). On April 22, 2021, the Court entered final judgment in favor of Wapp (No. 4:18-cv-469-ALM, Dkt. #487).

Following the Court's final judgment, Wapp and Micro Focus began settlement negotiations (Dkt. #176 at p. 3). On July 15, 2021, Wapp and Micro Focus entered into a Memorandum of Understanding – Binding Term Sheet for Global Settlement, License, and Release ("Term Sheet") (Dkt. #176, Exhibit 1). The Term Sheet provided a 50-day period to negotiate a final settlement agreement (Dkt. #176, Exhibit 1 ¶ 11(iii)). If the negotiations were unsuccessful, after the 50-day period the Term Sheet would automatically become the final and binding settlement agreement (Dkt. #176, Exhibit 1 ¶ 11(iii)).

The Term Sheet also provided:

> Dismissal of Pending Litigation: Within 5 days of Micro Focus paying the Settlement Payment to Wapp, Wapp shall file a stipulated motion for dismissal of any cases relating to Micro Focus Licensed Products or Services, including the cases between Wapp and Micro Focus, between Wapp and HPE, between Wapp and Wells Fargo, and between Wapp and Bank of America with prejudice.

(Dkt. #176, Exhibit 1 ¶ 5).

Because Wapp and Micro Focus were unable to execute a longer form agreement during the 50-day negotiation period, the Term Sheet became the final settlement agreement at midnight on September 4, 2021 (Dkt. #176 at p. 4). As a result, Micro Focus paid the settlement amount set forth in the Term Sheet (Dkt. #176 at p. 4). On September 17, 2021, Wapp and Micro Focus filed a Joint Stipulation of Dismissal with Prejudice (No. 4:18-cv-469-ALM, Dkt. #529). Wapp and Bank of America filed a substantially similar joint stipulation, also on September 17, 2021, dismissing the lawsuit with prejudice (No. 4:18-cv-519-ALM, Dkt. #169).

However, Wells Fargo would not agree to a Joint Stipulation of Dismissal with Prejudice. Instead, Wells Fargo now proposes its affirmative defense should be dismissed without prejudice (Dkt. #176, Exhibit 2). Unable to agree on a joint stipulation of dismissal, Wapp filed a motion to dismiss with prejudice on September 30, 2021 (Dkt. #176). On October 28, 2021, Wells Fargo responded (Dkt. #188). Wapp replied on November 12, 2021 (Dkt. #193). Wells Fargo filed its sur-reply on November 19, 2021 (Dkt. #195).

On August 27, 2021, Wapp filed new patent infringement lawsuits against Well Fargo and Bank of America based on their use of non-Micro Focus products (the "Second Bank Suits"). *Wapp Tech. Ltd. v. Wells Fargo Bank*, No. 4:21-cv-671; *Wapp Tech. Ltd. v. Bank of America*, No. 4:21-cv-670. The asserted patents in the Second Bank Suits include the '192, '864, and '678 Patents (No. 4:21-cv-670, Dkt. #1; No. 4:21-cv-671, Dkt. #1).

## LEGAL STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2); *accord Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 n.2 (5th Cir. 2002); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198–99 (5th Cir. 1991). "The

decision to dismiss an action rests within the sound discretion of the trial court and may only be reversed for an abuse of that discretion." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985); *see United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003) (citation omitted); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274–75 (5th Cir. 1990) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)).

Generally, "[a] voluntary motion to dismiss with prejudice under Rule 41(a)(2) is very rarely denied." *TQP Dev., LLC v. Branch Banking and Trust Co.*, No. 2:12-cv-55-JRG-RSP, 2014 WL 4749073, at *2 (E.D. Tex. Sept. 22, 2014). A court should grant a motion for voluntary dismissal unless the non-moving party will suffer some plain legal prejudice other than the possibility of a second lawsuit. *Test Masters Educ. Servs. v. Robin Singh Educ. Servs.*, 799 F.3d 437, 448 (5th Cir. 2015). Therefore, in evaluating whether to grant or deny a Rule 41(a)(2) motion "the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Elbaor*, 279 F.3d at 318.

## ANALYSIS

Wapp requests the Court dismiss its case with prejudice, as required by the Term Sheet (Dkt. #176).[2] Wells Fargo responds that it is improper for the Court to adjudicate a nonmovant's defenses through motion for voluntary dismissal, and to do so would unfairly strip Wells Fargo of its affirmative defenses (Dkt. #188). The Court begins its analysis with whether Wells Fargo would suffer plain legal prejudice from a dismissal of this suit with prejudice.

---

[2] A review of Wapp's motion leads the Court to believe Wapp actually seeks enforcement of a settlement agreement, despite the styling as a Rule 41(a)(2) motion. However, the Court is limited to Wapp's Rule 41(a)(2) request and will analyze the pleadings pursuant to that framework. Thus, to the extent the parties disagree over the effect of certain language in the Term Sheet, such argument is not relevant to the inquiry of whether a request for dismissal with prejudice would cause the non-movant plain legal prejudice.

4

Wells Fargo asserts that a dismissal with prejudice would defeat Rule 41(a)(2)'s purpose and would improperly prevent Wells Fargo from relying on its asserted defenses in future lawsuits (Dkt. #188 at pp. 7, 10). Wapp argues "Wells Fargo is a sophisticated party who voluntarily ceded control over the settlement of this matter to Micro Focus" and therefore it is not unfairly prejudiced by dismissal (Dkt. #193 at p. 4).

Legal prejudice has been defined as "prejudice to some legal interest, some legal claim, some legal argument." *Miller v. Christus St. Michael Health Sys.*, No. 5:17-CV-00130-RWA, 2019 WL 8301674, at *2 (E.D. Tex. July 10, 2019). Common instances of plain legal prejudice are when the movant seeks dismissal "at a late stage of the pretrial proceedings, or seeks to avoid an imminent adverse ruling[.]" *Bell v. Keystone RV Co.*, 628 F.3d 157, 162 (5th Cir. 2010). Legal prejudice generally exists where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense. *See, e.g.*, *Elbaor*, 279 F.3d at 318–19 (holding potential loss of a statute of limitations defense would cause plain legal prejudice); *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 178–80 (5th Cir. 1990) (vacating and remanding order granting dismissal without prejudice because non-movant could lose *forum non conveniens* defense); *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (holding absolute loss of a statute of limitations defense constitutes legal prejudice which precludes granting a motion to dismiss without prejudice). However, the preceding caselaw involves dismissals without prejudice that the courts found required a modification—either by imposing conditions or dismissing with prejudice—because the non-movant would suffer legal prejudice.

Here, Wells Fargo has not shown the Court that dismissal with prejudice would deprive Wells Fargo of its ability to assert an invalidity defense in subsequent suits. Nor is the Court aware of a case wherein a defendant was deprived of its invalidity defense through the granting of a Rule

41(a)(2) request. Moreover, in the Second Bank Suits, Bank of America asserts the affirmative defense of invalidity in its answer (No. 4:21-cv-670, Dkt. #13 ¶ 155). Thus, the Court's prior dismissal with prejudice in Wapp's suit against Bank of America has not barred Bank of America from raising the affirmative defense of invalidity.

Even assuming *arguendo* legal prejudice exists, the appropriate remedy appears to be the exact result Wapp seeks. If an unconditional dismissal would cause the non-movant plain legal prejudice, the Court may deny the motion or craft reasonable conditions to eliminate the prejudice. *Elbaor*, 279 F.3d at 319. In determining what conditions to impose, if any, "the district court should impose only those conditions which will alleviate the harm caused to the defendant." *LeCompte*, 528 F.2d at 604–05. The harshest condition available is dismissal with prejudice. *Elbaor*, 279 F.3d at 319. Thus, dismissal with prejudice provides a non-movant the fullest protection permissible under the law. Moreover, Wells Fargo has not pointed to a single decision in which a court dismissed the movant's claim with prejudice but made an exception for the non-movant's affirmative defenses, dismissing such defenses without prejudice. The Court, therefore, will not convert or modify Wapp's motion to dismiss with prejudice. *TQP*, 2014 WL 4749073, at *2.

## CONCLUSION

It is therefore **ORDERED** Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s Opposed Motion to Dismiss with Prejudice (Dkt. #176) is **GRANTED**. The entirety of Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s claims against Defendant Wells Fargo are hereby **DISMISSED WITH PREJUDICE**.

All relief not previously granted is hereby **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**

**SIGNED this 11th day of January, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE